IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD S. GRUPP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15cv429 |
| | ) | **Electronic Filing** |
| **BANK OF NEW YORK MELLON** | ) | |
| **CORP, CATHERINE S. RYAN,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

Ronald S. Grupp ("plaintiff") commenced this proceeding by filing a motion to proceed

*in forma pauperis* and attaching to it a "complaint" seeking to establish that defendant Bank of

New York Mellon has submitted false or misleading statements and filings with the Securities

and Exchange Commission regarding its management of assets belonging to "Sovereign Wealth

Clients." Much of this activity occurred in relation to its closely held business unit and the

management of assets held or managed in conjunction therewith. <u>See</u> <u>generally</u> Complaint (Doc.

No.s 3, 3-1, 10-1 p. 1-4).

Plaintiff became employed with defendant's predecessor "Mellon Bank" in February of

2006 and worked in the closely held assets division of wealth management. Doc. No. 10-1 at 3.

From his perspective and employment judgment certain miscoding of large assets occurred as a

result of defendant's failure to follow properly various mandated federal regulations and policies

made applicable to banks within the federal banking system through the Federal Code of

Regulations and various banking policies and procedures. Complaint at ¶¶ I-III. Plaintiff

educated himself and became aware of defendant's failure to comply with these mandates and

began warning management of defendant's exposure to liability for these shortcomings.

Management failed to listen to plaintiff.  <u>Id.</u> at ¶ IV.  Plaintiff documented every non-compliance

and exposure that he became aware of between 2007 and July 9, 2013.  <u>Id.</u> at VI.

Plaintiff turned whistle-blower on January 9, 2013, by alerting the internal legal

department of the need for a review of the ongoing malfeasance in implementing the policies.

<u>Id.</u> at ¶ VIII.  This resulted in a hold on defendant's closely held business unit, followed by an

outside legal review and opinion.  <u>Id.</u> at ¶¶ IX-X.  Defendant then collected 13 years of internal

audit reports for its closely held business unit.  <u>Id.</u> at ¶ XI.  It then issued an "Amended 10K

Statement" admitting to flaws in its policies and procedures.  <u>Id.</u> at ¶ XII.  It filed "SEC form

424B2 and Registration Statement No. 333-167832" reporting on the validity of its securities.

<u>Id.</u> at ¶  XIII.  It announced to its shareholders six days later that various securities had been

"lost, stolen and wrongfully taken."  <u>Id.</u> at ¶ XIV.  Two months later plaintiff was summoned

before the Human Resource director and the CEO of operations and given the choice of

resigning or being terminated.  Plaintiff chose to resign and signed a release.  <u>Id.</u> at ¶ XV.

Plaintiff repeatedly has attempted to bring defendant's illegal conduct into the public

light.  <u>Id.</u> at ¶¶ XVI-XVIII.  This has included among other things letters to the Board of

Directors, <u>id.</u> at ¶ XVI, and the filing of plaintiff's prior lawsuits: <u>Grupp v. Bank of New York</u>

<u>Mellon</u>, 2:14cv240 and <u>Grupp v. Bank of New York Mellon</u>, 2:15cv429.  Other evidence of

defendant's wrongdoing includes a five billion dollar levy being placed on defendant by the SEC,

<u>id.</u> at ¶ XXVI, an amendment freezing accruals under defendant's Supplemental Executive

Retirement Plan, <u>id.</u> at ¶ XXIX, and a recent "Wells notice" issued by the SEC in connection

with "the provision of a limited number of internships to relatives of sovereign wealth fund

officials," <u>id.</u> at ¶ XXXI.  Plaintiff is aware of the location of the lost, stolen and wrongfully

taken securities that defendant has admitted to in its Registration Statement.  <u>Id.</u>  at Addendum.

Defendant moves to dismiss the complaint on a variety of grounds. These include res judicata and claim preclusion from the prior adjudication of 2:14cv240 as well as the failure to state a claim upon which relief can be granted. Plaintiff maintains that he has sensitive information that shows defendant Bank of New York Mellon was stealing from its clients for thirteen years, defendant publically has admitted that it engaged in such conduct, plaintiff will be able to prove defendant did so and defendants have undertaken to make public tenders under "form S-8" with some of the ill-gotten gain.

Plaintiff's complaint will be dismissed for two basic reasons. First, plaintiff's ability to obtain relief for any injury to himself from the described "scheme" conclusively has been foreclosed by this court's adjudication at 2:14cv240. There, the court determined that the release plaintiff executed upon his departure eliminated any rights he had to seek damages from the dissolution of his employment relationship. See Memorandum Opinion and Order of December 4, 2014 in Grupp v. Bank of New York Mellon, 2:14cv240 (Doc. No.s 26, 27). Res judicata clearly bars any attempt to seek relief on this basis. See Duhaney v. Attorney General of the United States, 621 F.3d 340, 347 (3d Cir. 2010) ("Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.' Id. (quotation marks omitted). 'The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought.'").

Second, plaintiff lacks standing to proceed on a claim seeking to recover for the mismanagement or loss of assets by the activities occurring in the closely held business unit of

3

the wealth management department.  Standing consists of both constitutional and prudential

components.  See generally Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140

F.3d 478, 484-85 (3d Cir. 1998) ("Article III constitutional standing contains three elements: (1)

the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest

which is (a) concrete and particularized and (b) actual or imminent, not conjectural or

hypothetical; (2) there must be a causal connection between the injury and the conduct

complained of—the injury has to be fairly traceable to the challenged action of the defendant and

not the result of the independent action of some third party not before the court; and (3) it must

be likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) * * * ("In addition

to the 'immutable requirements of Article III,' the federal judiciary has also adhered to a set of

prudential principles that bear on the question of standing.  Bennett v. Spear, 520 U.S. 154, ——,

117 S. Ct. 1154, 1161, 137 L.Ed.2d 281 (1997) (citation omitted).  They are: (1) 'the plaintiff

generally must assert his own legal rights and interests, and cannot rest his claim to relief on the

legal rights or interests of third parties,' Valley Forge Christian College, 454 U.S. at 474, 102 S.

Ct. at 760 (citation omitted); (2) 'even when the plaintiff has alleged redressable injury sufficient

to meet the requirements of Article III, the federal courts will not adjudicate abstract questions of

wide public significance which amount to generalized grievances pervasively shared and most

appropriately addressed in the representative branches,' Id. at 474–75, 102 S. Ct. at 760 (citation

omitted); and (3) 'the plaintiff's complaint must fall within the zone of interests to be protected or

regulated by the statute or constitutional guarantee in question." Id.).

 Plaintiff has failed to allege an injury that will satisfy either the constitutional or

prudential requirements of standing.  He seeks to vindicate the rights of others who allegedly

suffered loss at the hands of defendant Bank of New York Mellon and publicly expose all of the

shortcomings that he believes were occurring with the closely held business unit.  These

interests, as important as they may be, do not permit him to point to a concrete and particularized

injury beyond his discharge; nor do they give him an ability to claim his legal rights have been

invaded in a meaningful way beyond his discharge.  As noted above, plaintiff's rights to seek

redress based on his discharge have been extinguished.  Thus, he lacks standing and his desire to

air the alleged misdeeds of Bank of New York Mellon during his tenure in the closely held

business unit of defendant's wealth management department cannot occur in the form of a

lawsuit against defendants.

This is plaintiff's third lawsuit seeking to raise essentially the same form of injury for

judicial review.  His allegations previously have been reviewed once by the Department of

Justice and twice by this court.  Each time they have been found to fall short of providing a basis

to proceed with a lawsuit.  See Order of November 16, 2015, in Grupp v. Bank of New York

Mellon, 2:15cv 129 (Doc. No. 6); Memorandum Opinion and Order of December 4, 2014 in

Grupp v. Bank of New York Mellon, 2:14cv240 (Doc. No.s 26, 27).   They continue to do so.

Accordingly, his complaint in this action also will be dismissed.[1]

Date: December 28, 2015


                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge


---

[1] Defendants' request for sanctions in the form of attorney fees and costs will be denied.
Notwithstanding, any effort by plaintiff to refile these allegations in yet another lawsuit in this
court may well be found to warrant sanctions under the teachings in Christiansburg Garment Co.
v. EEOC, 434 U.S. 412, 422 (1978).

cc:     Ronald S. Grupp
        149 Grove Road
        Pittsburgh, PA 15229
        (*Via First Class Mail*)

        Richard L. Etter, Esquire
        (*Via CM/ECF Electronic Mail*)